# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TOYOAKI NOGAMI,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF THE INTERIOR,<br>　　　　Agency. | DOCKET NUMBER<br>DC-315H-15-0134-I-1<br><br><br>DATE: May 20, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Toyoaki Nogami, Falls Church, Virginia, pro se.

Toye Olarinde, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 Effective November 3, 2013, the appellant received a career-conditional appointment to a Civil Engineer position in the competitive service subject to a 1—year probationary period ending on November 3, 2014. Initial Appeal File (IAF), Tab 8 at 10. The appellant had no prior federal or military service. *Id*. The agency informed the appellant that it was terminating his appointment during his probationary period, and he resigned effective November 1, 2014. *Id*. at 12-13, 16. The appellant filed an appeal alleging that his resignation was involuntary and requesting a hearing. IAF, Tab 1 at 2, 5-7. He challenged the basis for his proposed termination, and he submitted documents in support of his appeal. *See id*. at 5-55. He also claimed race discrimination and whistleblower retaliation. *Id*. at 6.

¶3 The administrative judge informed the appellant of his burden of proving jurisdiction and ordered him to file evidence or argument concerning whether the Board had jurisdiction over his appeal, having informed the appellant of the applicable jurisdictional criteria. IAF, Tab 2 at 3-5. After the deadline for responding to the administrative judge's order, the appellant filed an additional

copy of the attachments to his appeal without addressing the jurisdictional issue. IAF, Tab 6. In response, the agency filed a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 7.

¶4    Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction finding that the appellant failed to make a nonfrivolous allegation of jurisdiction over his appeal. IAF, Tab 9, Initial Decision (ID) at 4. In reaching her decision, the administrative judge found that the appellant had no right of appeal because he was a probationary employee when he resigned in lieu of termination, and he submitted no evidence or argument that his proposed termination was the product of discrimination based on partisan political reasons or marital status. ID at 3. The administrative judge further found that the appellant's discrimination allegation, standing alone, was not appealable to the Board. ID at 3-4. The administrative judge did not address the appellant's whistleblower reprisal claim in dismissing the appeal.

¶5    The appellant filed a petition for review arguing that his resignation during his probationary period was involuntary because the agency forced him to choose between resignation and termination. Petition for Review (PFR) File, Tab 1 at 4. He also disputes the merits of his proposed termination, arguing that the agency's criticism of his work was "based on misunderstanding, distortion or fabrication," and he reasserts his claims of race discrimination and whistleblower retaliation. *Id*. at 6-10. The appellant does not claim that he qualifies as an "employee" within the meaning of 5 U.S.C. § 7511(a)(1), with a statutory right of appeal to the Board. *See id*. at 4. The agency filed a response in opposition to the appellant's petition for review. PFR File, Tab 3.

¶6    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). In order to establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that he satisfies one of the definitions of "employee" in 5 U.S.C.

§ 7511(a)(1).  *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). For an individual in the competitive service, this means that he must either:  (1) not be serving a probationary or trial period under an initial appointment, or (2) have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.  *Id*.; *see* 5 U.S.C. § 7511(a)(1)(A). Individuals in the competitive service who do not satisfy either definition may nevertheless have the right to appeal a termination to the Board under 5 C.F.R. § 315.806.  *Walker*, 119 M.S.P.R. 391, ¶ 5.  However, the Board's jurisdiction over termination appeals under that section is limited to situations in which:  (1) the employee was discriminated against based on his marital status; (2) the agency action was based on partisan political reasons; or (3) the agency action was based (in whole or part) on pre-appointment reasons and the agency did not follow the procedures of 5 C.F.R. § 315.805.  *Id*.  There is no statutory requirement that the Board hold a hearing on the threshold issue of jurisdiction. *Walker*, 119 M.S.P.R. 391, ¶ 6.  Nevertheless, if an appellant makes a nonfrivolous allegation of jurisdiction, and the Board cannot make a determination based on the documentary evidence, the Board should hold an evidentiary hearing to resolve the jurisdictional question. *See id*.

¶7        Here, the appellant does not allege that he has a statutory right of appeal because he qualifies as an "employee" under 5 U.S.C. § 7511(a)(1).  Moreover, he does not allege that he has a regulatory right of appeal because the agency terminated him for pre-appointment reasons or because his termination was for partisan political reasons or due to marital status discrimination.  Accordingly, we agree with the administrative judge's finding that the Board has no jurisdiction to review the appellant's claim that his resignation was involuntary. *See Link v. Department of the Navy*, 3 M.S.P.R. 187, 189 (1980) (the appellants' alleged involuntary resignations during their probationary periods provided them with no greater right of appeal to the Board than they would have had if they had been terminated); ID at 3.  We also agree with the administrative judge's finding that,

absent an otherwise appealable action, the Board has no jurisdiction to adjudicate the appellant's claim of race discrimination.[2] ID at 3-4; PFR File, Tab 1 at 9; IAF, Tab 1 at 6; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd sub nom. Wren v. Merit Systems Protection Board*, 681 F.2d 867 (D.C. Cir. 1982).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The

---

[2] We similarly find that the Board lacks jurisdiction over the appellant's affirmative defense of whistleblower retaliation absent an otherwise appealable action. *See Barrios v. Department of the Interior*, 100 M.S.P.R. 300, ¶ 5 (2005). In addition, there is no indication in the record that the appellant first filed a whistleblower complaint with the Office of Special Counsel (OSC) to provide the Board with jurisdiction over the appeal as an individual right of action (IRA) appeal. Should the appellant wish to pursue a claim of whistleblower retaliation concerning his resignation, he may do so by filing a complaint with OSC. *See* 5 U.S.C. § 1214(a); *Morales v. Social Security Administration*, 108 M.S.P.R. 583, ¶¶ 6-7 (2008) (an appellant must exhaust his administrative remedies with OSC before filing an IRA appeal with the Board).

court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                     _____

William D. Spencer
Clerk of the Board

Washington, D.C.